# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **FAITH ANNETTE AUSTIN** ) | |
| ) | |
| v. ) | NO. 3:23-cv-00627 |
| ) | |
| **GREG BECKER et al.** ) | |

**TO:** Honorable Eli Richardson, United States District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered November 15, 2023 (Docket Entry No. 7), the Court referred this *pro se* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 10) filed by Defendants Greg Becker and Colleen Adams. Plaintiff failed to respond to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTE**D and that this action be **DISMISSED**.

## I.  BACKGROUND

Faith Annette Austin (Plaintiff) is a resident of College Grove, Tennessee. On June 20, 2023, she filed this *pro se* lawsuit against the United States Department of Veterans Affairs ("VA"), Greg Becker ("Becker"), the Director of the Tennessee Valley Health System ("TVHS"), and Colleen Adams, a TVHS Supervisor. *See* Complaint (Docket Entry No. 1). Plaintiff's application to proceed *in forma pauperis* was denied by Order entered September 20, 2023 (Docket Entry No. 4), and she subsequently paid the filing fee.

Plaintiff is a former employee of the VA who worked as a Financial Management Specialist at the VA's Consolidated Patient Account Center ("CPAC") in Smyrna, Tennessee. In her lawsuit, Plaintiff seeks damages for employment discrimination that allegedly occurred during her employment. Plaintiff asserts that she has a disability (severe anxiety and depression) and that, because of her disability, she was subjected to employment discrimination and a hostile work environment at the CPAC from 2016 to 2019. She contends that her direct supervisor, Defendant Adams, was the person primarily responsible for the unlawful activity. Plaintiff also alleges that VA officials failed to provide her with reasonable accommodations upon her requests for them. She further alleges that she was "forced into an early disability retirement at the age of 54 because the issues were not resolved and the toll on my health." *Id*. at 7.[1]

Plaintiff filed an administrative complaint in October 2018, and ultimately had a hearing before an administrative judge with the Equal Employment Opportunity Commission ("EEOC"). The administrative judge found no merit to her complaint, and the VA adopted this finding. Attached to Plaintiff's complaint is a copy of the final decision from the EEOC, dated March 14, 2023, affirming the VA's decision. *See* Docket Entry No. 1-1. Plaintiff states that she received a copy of the EEOC decision and the notice of her right to sue on March 23, 2023. *See* Complaint at 6.

---

[1] Plaintiff asserts that her lawsuit is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. *See* Complaint at 3. However, the ADA is not applicable to employment discrimination claims brought by a federal employee, and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq*., is a federal employee's exclusive remedy for employment discrimination claims based on a disability. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007); *Plautz v. Potter*, 156 F.App'x 812, 815 (6th Cir. 2005). Because *pro se* pleadings are to be liberally construed and because claims brought under both acts are largely analyzed in the same manner, the Court views Plaintiff's complaint as being brought under the RA. *Plautz*, 156 F.App'x at 816 (construing ADA claim as a Rehabilitation Act claim).

Plaintiff had summons issued for Defendants Becker and Adams and they were served with process. *See* Docket Entry Nos. 8 and 12. In lieu of an answer, Defendants filed the pending motion to dismiss on January 12, 2024. Despite naming the VA as a defendant, Plaintiff did not have a summons issued to Dennis McDonough, the Secretary of the VA.

## II. MOTION TO DISMISS

Defendants Becker and Adams raise two arguments in their motion to dismiss. First, they argue that Plaintiff fails to state a claim for relief against them and that they must be dismissed because individuals cannot be sued under the Rehabilitation Act for acts of employment discrimination. Second, they contend that, upon their dismissal, the action should likewise be dismissed because Plaintiff has not named Secretary McDonough, who is the only proper defendant, and Plaintiff has not attempted to serve process upon McDonough in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view her complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

IV. ANALYSIS

A. Defendants Becker and Adams

The motion to dismiss should be granted as to Defendants Becker and Adams. The Rehabilitation Act does not provide for liability against an individual defendant, even if the individual acts as a supervisory official, unless the individual otherwise independently qualifies as an employer under the statute. *See Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999) ("we hold that individuals who do not otherwise meet the statutory definition of "employer" cannot be held liable under the Rehabilitation Act's anti-retaliation provision."); *J.H. v. Cheatham Cnty. Bd. of Educ.*, 2017 WL 11476148, at *4 (M.D. Tenn. Nov. 22, 201) (Crenshaw, J.) ("The Sixth Circuit has held that plaintiffs may not bring actions against defendants in their individual capacities under the Rehabilitation Act."). Neither Becker or Adams were Plaintiff's employer and they must therefore be dismissed from the action because they cannot be sued under the Rehabilitation Act.

B. The Remaining Defendant

Upon the dismissal of Becker and Adams, the sole remaining named defendant is the VA. This presents a problem for Plaintiff.

4

First, Plaintiff has failed to serve process upon the VA in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i) and 4(m). One of these requirements is that a defendant must be served with process within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the defendant is not served within this time frame, the court "must dismiss the action without prejudice" unless the plaintiff shows good cause for the failure to effect timely service of process. *Id*.

More than 90 days have passed since Plaintiff was directed by the Court to serve process upon Defendants. *See* Order entered November 15, 2023 (Docket Entry No. 7). Plaintiff was alerted by the motion to dismiss of the issue that her lawsuit improperly names the VA as a defendant. Yet, Plaintiff made to effort to name the proper defendant or to timely effect service of process.[2] Although the motion to dismiss alerted Plaintiff to these issues, *see* Memorandum in Support (Docket Entry No. 11) at 4-5, Plaintiff has not shown good cause for her failure to timely serve process or otherwise responded to this issue.[3]

As correctly asserted in the motion to dismiss, *see* Docket Entry No. 10 at 1 and Docket Entry No. 11 at 3-5, the VA is not a proper defendant here. While the Sixth Circuit has not explicitly ruled on the issue, courts within the Sixth Circuit have concluded that, like an action brought under Title VII, the head of a federal agency or department is the only proper defendant in a Rehabilitation Act lawsuit. *See Delaney v. Potter*, 2006 WL 2469380, at *3 n.3 (M.D.Tenn. Aug. 24, 2006) (Trauger, J.); *McGhee v. U.S. Postal Service*, 2006 WL 1851261, *2 (E.D.Mich.

---

[2] Although, for the reasons discussed, service of process on the VA would not have constituted good service in the context of this case, Plaintiff also failed to timely serve process on the VA.

[3] In the November 15, 2023, Order, the Court specifically alerted Plaintiff that a failure to timely complete service of process would result in the dismissal of this action. *See* Docket

5

June 20, 2006). Plaintiff was therefore required to name Denis McDonough, Secretary of the Department of Veterans Affairs, as a defendant, and to properly serve process under Rule 4(i) and (m). Again, although the motion to dismiss alerted Plaintiff to this issue, *see* Memorandum in Support at 3-5, Plaintiff failed to respond, including by making any effort to name the proper defendant or to effect proper and timely service of process.

### R E C O M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 10) be **GRANTED** and that this action be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

Entry No. 7 at 1.