IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAITH ANNETTE AUSTIN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-00627 |
| | ) JUDGE RICHARDSON |
| GREG BECKER, et al., | ) |
| Defendants. | ) |

# ORDER

Pending before the Court[1] is a Report and Recommendation ("R&R") of the Magistrate Judge, (Doc. No. 13), wherein the Magistrate Judge recommends that this Court grant the Motion to Dismiss (Doc. No. 10, "Motion") filed by two of the three Defendants, namely Greg Becker and Colleen Adams (respectively, "Becker" and "Adams," and collectively, Moving Defendants") and dismiss this action in its entirety, including with respect to the non-moving purported Defendant, the United States Department of Veterans Affairs ("VA"). Although Plaintiff did not file a response to the Motion, she did file objections to the R&R (Doc. No. 14, "Objections").[2] For the reasons stated herein, the Court overrules the Objections, adopts the findings of the Magistrate Judge in the R&R, grants the Motion, and dismisses this action in its entirety.

BACKGROUND

Plaintiff does not dispute any of the facts as set forth by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety and includes it here for reference.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, "Objections" refers both to the document (Doc. No. 14) itself and to objections contained therein (i.e., the "objections" to the R&R contained within the "Objections").

Faith Annette Austin (Plaintiff) is a resident of College Grove, Tennessee. On June 20, 2023, she filed this *pro se* lawsuit against the United States Department of Veterans Affairs ("VA"), Greg Becker ("Becker"), the Director of the Tennessee Valley Health System ("TVHS"), and Colleen Adams, a TVHS Supervisor. *See* Complaint (Docket Entry No. 1). Plaintiff's application to proceed *in forma pauperis* was denied by Order entered September 20, 2023 (Docket Entry No. 4), and she subsequently paid the filing fee.

Plaintiff is a former employee of the VA who worked as a Financial Management Specialist at the VA's Consolidated Patient Account Center ("CPAC") in Smyrna, Tennessee. In her lawsuit, Plaintiff seeks damages for employment discrimination that allegedly occurred during her employment. Plaintiff asserts that she has a disability (severe anxiety and depression) and that, because of her disability, she was subjected to employment discrimination and a hostile work environment at the CPAC from 2016 to 2019. She contends that her direct supervisor, Defendant Adams, was the person primarily responsible for the unlawful activity. Plaintiff also alleges that VA officials failed to provide her with reasonable accommodations upon her requests for them. She further alleges that she was "forced into an early disability retirement at the age of 54 because the issues were not resolved and the toll on my health." Id. at 7.[3]

Plaintiff filed an administrative complaint in October 2018, and ultimately had a hearing before an administrative judge with the Equal Employment Opportunity Commission ("EEOC"). The administrative judge found no merit to her complaint, and the VA adopted this finding. Attached to Plaintiff's complaint is a copy of the final decision from the EEOC, dated March 14, 2023, affirming the VA's decision. *See* Docket Entry No. 1-1. Plaintiff states that she received a copy of the EEOC decision and the notice of her right to sue on March 23, 2023. *See* Complaint at 6.

Plaintiff had summons issued for Defendants Becker and Adams and they were served with process. *See* Docket Entry Nos. 8 and 12. In lieu of an answer, Defendants filed the pending motion to dismiss on January 12, 2024. Despite naming the VA as a defendant, Plaintiff did not have a summons issued to Dennis McDonough, the Secretary of the VA.

(Doc. No. 13 at 1–3).

---

[3] Plaintiff asserts that her lawsuit is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. *See* Complaint at 3. However, the ADA is not applicable to employment discrimination claims brought by a federal employee, and the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq., is a federal employee's exclusive remedy for employment discrimination claims based on a disability. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007); *Plautz v. Potter*, 156 F. App'x 812, 815 (6th Cir. 2005). Because pro se pleadings are to be liberally construed and because claims brought under both acts are largely analyzed in the same manner, the Court views Plaintiff's complaint as being brought under the RA. *Plautz*, 156 F. App'x at 816 (construing ADA claim as a Rehabilitation Act claim).

In her analysis, the Magistrate Judge concluded that the Motion should be granted as to Defendants Becker and Adams because they were individuals and did not independently qualify as Plaintiff's "employer" under the Rehabilitation Act, and therefore could not properly be sued under the Rehabilitation Act. (*See* Doc. No. 13 at 4). The Magistrate Judge found that the other ostensible Defendant (the VA) also should be dismissed because the VA is not a proper defendant to this action. (*Id*. at 5-6). More specifically, the Magistrate Judge held that the only proper defendant for an action brought under the Rehabilitation Act is the head of the relevant federal agency or department. (*Id*. (citing cases)). Therefore, the Magistrate Judge reasoned, the only proper defendant in this case would have been Denis McDonough, Secretary of the VA ("McDonough"). (*Id*. at 6). Finally, providing in effect an alternative basis for dismissing the VA, the Magistrate Judge essentially reasoned that even if the VA was a proper Defendant, the VA should be dismissed due to Plaintiff's failure to timely serve process on it in accordance with Fed. R. Civ. P. 4. (*Id*. at 5 n.2, 6).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of

specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections. Below, the Court conducts a de novo analysis of the portions of the R&R challenged by the Objections.

ANALYSIS

The R&R recommends that the Court grant Defendant's motion to dismiss the action filed by Plaintiff. (Doc. No. 13 at 6). Via her Objections, Plaintiff does not deny her failure to name the proper defendant (McDonough) or to timely perfect service of process (either on the VA, which is not a proper Defendant in any event, or on McDonough, who is not a Defendant at all in any event). Rather, Plaintiff requests leave to amend her Complaint to include McDonough as a defendant as well as "a short period of time" to serve McDonough in accordance with Rule 4. (Doc. No. 14 at 1). Plaintiff's sole basis for this two-part request is that at the time she filed her Complaint, she did not understand who the "head" of the relevant agency was.[4] However, as the Magistrate Judge noted in the R&R, Defendant's Motion—filed two months before Plaintiff's Objections—alerted (or at least provided objective notice to) Plaintiff that her Complaint improperly named the VA (rather than McDonough) as a defendant and that Plaintiff had failed to perfect service on a correct

---

[4] Plaintiff states that she named Becker as a Defendant because (according to Plaintiff) "he is the head of the federal agency for which [she] was employed," (i.e., the VA). (Doc. No. 14 at 1). However, Plaintiff is mistaken in her assertion that Becker is the head of the VA. To the contrary, the applicable head of the agency (meaning the head of the VA as a whole, not some sub-part of it over which Becker conceivably could have been the "head") is in fact McDonough—just as the R&R stated.

defendant (McDonough) in compliance with Rule 4. (*See* Doc. No. 11 at 5). Additionally, the Court had previously warned Plaintiff that this action would be dismissed if she failed to timely complete service of process in accordance with Rule 4. (*See* Doc. No. 13 at 5, n.3 (citing Doc. No. 7 at 1)). Despite these warnings, Plaintiff made no effort to address these deficiencies by, for example, seeking leave to amend her Complaint to name McDonough as a defendant and/or requesting an extension of time to serve process on McDonough. The opportunity for Plaintiff to correct these deficiencies has now passed due to the passage of such considerable time.[5]

The remainder of Plaintiff's objections are not directed at the R&R, much less at specific portions of it. Rather, Plaintiff makes unsupported contentions about the facts surrounding her termination. (See Doc. No. 14 at 1-2). Additionally, Plaintiff requests denial of the Motion "based on [her] per [sic] se filing status." (Doc. No. 14 at 2). Even if Plaintiff's pro se status alone was a proper basis for denying the Motion—and it is not[6]—Plaintiff's reliance on her pro se status is not a specific objection to any finding in the R&R and therefore may not be considered as an "objection" under Fed. R. Civ. P. 72(b)(2) or L.R. 72.02(a). Accordingly, the R&R is adopted and approved.

---

[5] Although more liberal pleading standards apply to pro se plaintiffs, like Plaintiff, "*pro se* parties must follow the same rules of procedure that govern other litigants." *Stuart C. Irby Company v. Thompson Brown, Inc.*, No. 3:17-CV-01071, 2018 WL 3326813, at *2 (M.D. Tenn., June 20, 2018). Accordingly, the Court is unwilling to grant Plaintiff an opportunity at this late stage to amend her pleadings, particularly given her neglect to request leave to do so despite receiving prior warning that failure to comply with the Federal Rules of Civil Procedure would result in the dismissal of this action.

[6] As noted above, while the Court applies "less stringent standards" in determining whether pro se pleadings state a claim upon which relief can be granted, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 13). Accordingly, Defendant's Motion (Doc. No. 10) is GRANTED, and this action is dismissed in its entirety, both as to the Defendants who filed the Motion and as to the non-moving Defendant, the VA. The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE